# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAMAINE A. HARRISON (#3567)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JEFFERSON PARISH CORRECTION CENTER, ET AL.** | **NO. 14-0781-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 7, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRAMAINE A. HARRISON (#3567)**  CIVIL ACTION

**VERSUS**

**JEFFERSON PARISH CORRECTION CENTER, ET AL.**  NO. 14-0781-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person currently or previously confined at a facility operated by the Eastern Louisiana Mental Health System, Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Correction Center, the Kenner Police Department, the Feliciana Forensic Center, Twenty-Fourth Judicial District Court Judge Ellen Kovac, and District Forensic Coordinators Juan Smith, Susan Johansen and Babara Johnson, complaining that he was subjected to police brutality after being arrested by officers employed by the Kenner Police Department, that he was denied appropriate medical attention, and that he has wrongly been subjected to confinement based upon irregularities and wrongdoing in connection with probation revocation proceedings that have resulted in his current confinement.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court. Specifically, it has been recognized that "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation." *Lewis v. Secretary of Public Safety and Corrections*, 508 Fed. Appx. 341, 343-44 (5th Cir.), *cert. denied*, 133 S.Ct. 2802 (2013). "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'" *Id.* Upon a review of the records of this Court, it appears that, in a separate but identical lawsuit filed by the plaintiff before this Court, the plaintiff has asserted identical claims against the same defendants. *See Tramaine A. Harrison v. Jefferson Parish Correction Center, et al.*, Civil Action No. 14-0780-JJB-SCR. That proceeding was transferred to the United States District Court for the Eastern District of Louisiana and is still pending before that Court. Accordingly, inasmuch as the

claims asserted in the instant proceeding are duplicative of the claims asserted by the plaintiff in the prior pending lawsuit, his identical claims asserted herein against the same defendants are subject to dismissal as malicious and duplicative.

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and malicious within the meaning of 28 U.S.C. §§ 1915(g) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on May 7, 2015.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

1. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."